# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION
# CIVIL ACTION NO. 1:15-CV-00074-GNS

JAMES RICKY OWENS                                                              PETITIONER

VS.

AARON SMITH, WARDEN                                            RESPONDENT

## MEMORANDUM OPINION AND ORDER

James Ricky Owens is a prisoner in state custody and filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (DN 1). Recognizing that at least one of his claims was not yet exhausted in the courts of Kentucky, the petitioner filed a motion to stay this proceeding pending total exhaustion (DN 5). The Warden submitted a response (DN 14). There, the Warden agreed with Owens' assessment of the exhaustion issue, noting that the sole remaining unexhausted issue before the state court was Petitioner's RCr 60.02 motion (DN 14 at PageID # 291). The Warden acknowledged that the Petitioner had filed all necessary documents with the state court and was awaiting decision (Id. at PageID # 292). Thus, the Warden argued that a stay-and-abeyance was unnecessary, that the Petitioner's 2254 petition was simply filed too early, and that the appropriate remedy would be to dismiss the entire petition without prejudice (Id.).

On March 1, 2016, the District Judge entered an order (DN 16) that acknowledged the exhaustion issue, stayed this proceeding with respect to the fully exhausted claims, and dismissed the unexhausted claims without prejudice and with leave to refile following final adjudication in state court. On January 3, 2018, the District Judge ordered the Petitioner to file a status report (DN 17). On April 20, 2018, the District Judge ordered the Warden to file a status

report with respect to the state proceedings (DN 21). The Warden responded (DN 22) and informed the Court that the Kentucky Court of Appeals had rendered an opinion denying the Petitioner's RCr 60.02 motion on January 27, 2017.

The District Judge next issued an order finding that the Petitioner's failure to file an amended petition with respect to the previously unexhausted issues commanded a conclusion that the unexhausted issues are now time barred (DN 23). The order further directed the warden to file a brief responding to the issues that had been stayed because they were exhausted when Owens filed his original petition (DN 1). The Warden filed a response (DN 25) offering a conclusion that the claims that had been stayed by this Court are, like the unexhausted claims which were dismissed, now time barred. The undersigned finds that additional briefing is necessary. "District judges have no obligation to act as counsel or paralegal to *pro se* litigants," and surely the inverse is equally true - that the undersigned should not spin arguments from whole cloth where Respondent's counsel has failed to address the merits entirely. *See* Pliler v. Ford, 542 U.S. 225, 231 (2004). Additional briefing on the merits from the Warden will ensure the integrity of the adversarial process and allow the undersigned to base his conclusions and recommendations on a fully developed record. Finally, if the Respondent wishes to reiterate its position that the stayed claims are time barred, the undersigned suggests the Warden address how this position squares with the fact that the District Judge stayed (and did not dismiss without prejudice) the relevant issues, and the Warden previously opined that the petition is not time barred (DN 14).

## **ORDER**

**IT IS HEREBY ORDERED** that the Warden shall file a response addressing the merits of the Petitioner's exhausted claims **BY NO LATER THAN JULY 2, 2018.**

**IT IS FURTHER ORDERED THAT** the Petitioner shall have fourteen days to file a reply.

Copies:   James Ricky Owens, *pro se*
          Counsel